# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


**UNITED STATES OF AMERICA**

**v.**                                                   **Case No.  8:09-cr-572-T-30TGW**

**MARK ANTHONY MYRIE**

_____/


## ORDER

THIS CAUSE is on remand from the Eleventh Circuit Court of Appeal for this Court

to make a determination on Defendant Mark Anthony Myrie's motion for a new trial.  This

Court previously granted Myrie's motion for judgment of acquittal as to the gun count, but

did not grant the  motion for acquittal as to the other counts.  The Court now denies

Defendant's Renewed Motion for New Trial (Dkt. #379) as to all counts.

The evidence was clearly sufficient to support all counts except the gun count.  In

support of his motion for a new trial on the gun count, Myrie makes a strong argument:

> Of the two conspirators in the transaction (James Mack and Ian Thomas),
> Myrie knew only Thomas, and Thomas did *not* have a gun nor was there any
> evidence that Thomas had carried a gun on any previous occasion.  Only Mack
> possessed a gun (albeit triple-wrapped in an enclosed compartment in his car).
> But the evidence is uncontradicted that Myrie did not know Mack, and had
> never even heard his name. McCaffrey, 2/14PM, 69:1-3; AUSA Preston, 2/17
> PM, 42:8-9, Myrie, 2/16PM, 21:8-19.  It was absolutely uncontroverted at trial
> that Myrie had not ever even heard of Mack or of the Georgia buyers in
> general.  It therefore is against the great weight of the evidence that it was
> reasonably foreseeable to Myrie that Mack would bring a gun to the
> transaction.

Myrie's Renewed Motion for New Trial, Dkt. #379, pp. 4-5. (Footnote omitted.)

This Court previously agreed with that argument and said:

> This is an unusual case in that the defendant here, Mr. Myrie did not know the buyers, did not know anything about their operation or their method of operation, did not know who they would send down to purchase drugs, and had no way of knowing really whether that person carried a gun or was known to carry a gun or whether the people in Georgia used guns when they purchased drugs. ... Further, Mr. Myrie was not present when the drug transaction took place, so he could not have known anything about the gun on the particular day in question.

Dkt. #337, p. 11.

The Eleventh Circuit disagreed with this Court and held:

> We conclude from the record that the evidence, when viewed in the light most favorable to the government, supports the jury's conclusion that it was reasonably foreseeable that a co-conspirator would possess a gun in furtherance of the conspiracy. *See Frank*, 599 F. 3d at 1233. Myrie, Thomas, and Johnson had discussed a deal where Thomas would bring in another party to purchase a large quantity of cocaine, and Special Agent McAffrey and Sergeant Hasley both testified that guns are common in drug deals, especially for deals comparable in size to the amount of drugs involved in this case. Given Myrie's familiarity with the drug trade, the jury could have reasonably concluded that the carrying or using of a gun by a co-conspirator was a reasonably foreseeable action of the conspiracy. *See Diaz*, 248 F. 3d at 1100. Additionally, the jury could reasonably conclude that the gun was carried in furtherance of the drug deal given the storage of the gun in the same trap compartment as the money. *See United States v. Range*, 94 F. 3d 614, 617 (11th Cir. 1996) (upholding conviction where defendant stored the gun under the floor mat while delivering money for the cocaine).

*U. S. v. Myrie*, 2012 WL 2360122, at *5.

In light of the Eleventh Circuit's conclusion that the evidence presented was sufficient to sustain the conviction, there is no need for a new trial. Therefore, Myrie's motion for a new trial is denied as to all counts.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Renewed Motion for New Trial (Dkt. #379) is DENIED.

2.     The Government's Motion to Strike Defendant's Renewed Motion for New

Trial (Dkt. #380) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cr-572.new trial 379.wpd